UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSE QUEZADA, on behalf of himself and
all others similarly situated,

                                     Case No. 1:21-cv-04983-AJN

                  Plaintiff,

      -against-                          **CONSENT DECREE**

PLAQUEMAKER.COM, INC.

                    Defendant.
---------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/8/21

      This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 9, by and between the following parties: Plaintiff Jose Quezada ("Plaintiff") and Plaquemaker.com, Inc. ("Defendant"). Plaintiff and Defendant are collectively referred to as the "Parties" for the purposes and on the terms specified herein.

## RECITALS

      1.      Title III of the Americans with Disabilities Act of 1990, 42 U.S. C. §§ 12181-12189 (the "ADA"), and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. §36.201(a).

      2.      On or about June 4, 2021, Plaintiff filed the above-captioned action in the United States District Court for the Southern District of New York (the "Action"). Plaintiff alleges that Defendant's website and mobile applications (together, the "Website") are not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA") and the New York City Human Rights Law (the "NYCHRL").

      3.      Defendant expressly denies that the Website violates any federal, state or local law, including the ADA and the NYCHRL, and it denies any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

      4.      This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

      5.      This Consent Decree is entered into by Plaintiff, individually, but is intended by the parties to

inure to the benefit of vision impaired individuals who are members of the putative class alleged in the Complaint.

## JURISDICTION

6. Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that the Website is a service, privilege, or advantage of a place of public accommodation subject to Title III of the ADA. 42 U.S.C. § 12181(7); 12182(a). Defendant denies that the Website is a public accommodation or that it is a place of public accommodation or otherwise subject to Title III of the ADA and/or NYCHRL.

7. This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

## AGREED RESOLUTION

8. Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint. In resolution of this Action, the Parties hereby AGREE to the following:

## DEFINITIONS

9. *Effective Date* means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

10. *Reasonable Efforts* means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 15 through 18 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts the cost, difficulty or impact on the Website of which could constitute an undue burden, as defined in Title III of the ADA but as applied solely to the Website - as though the Website were a standalone business entity, or which efforts could result in a fundamental alteration in the manner in which Defendant operates the Website - or the primary functions related thereto, or which could result in a loss of revenue or traffic on their Website-related operations.

## TERM

11. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (a) 18 months from the Effective Date; or (b) the date, if any, that the United States Department of Justice adopts regulations for websites under Title III of the ADA.

## GENERAL NONDISCRIMINATION REQUIREMENTS

12. Pursuant to the terms of this Consent Decree, Defendant:

   (a) Shall use reasonable efforts to ensure that persons with a disability are note denied (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Website as set forth herein. 42 U.S.C. § 12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

   (b) Shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including the Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

   (c) Shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including the Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

## COMPLIANCE WITH TITLE III OF THE ADA

13. <u>Web Accessibility Conformance Timeline</u>: Defendant shall ensure full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website (including all pages therein), including websites (including all pages therein and linked to therefrom) that can be navigated to from the Website or which when entered reroute to the Website (collectively the "Websites"), according to the following timeline and requirements provided that the following dates will be extended in the instance that the Department of Justice issues regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

   (a) Within 18 months of the Effective Date, to the extent not already done, Defendant shall bring the Website (or any successor website) into substantial conformance in reasonable respects with the applicable Web Content Accessibility Guidelines ("WCAG") 2.1 Level AA.

   (b) Should Congress, the Department of Justice, or the United States Supreme Court issue a ruling or final regulations (as applicable) adopting a legal standard for website accessibility

that is different from the WCAG 2.1, Defendants shall have the option of substantially complying with such legal standard in its sole and absolute discretion.

(c) Notwithstanding the foregoing, Third-Party Content (as defined below) on the Website will not be required to meet the WCAG 2.1. (The term "Third-Party Content" refers to web content that is not developed or owned by Defendants). The Parties further agree that Defendants can link to Third-Party Websites (as defined below) and shall not be responsible or liable for the state of their accessibility to individuals with disabilities. (The term "Third-Party Websites" refers to websites that are not developed, owned and operated by Defendants).

(d) If Defendant's ability to meet the deadline for compliance with this Section 13 is delayed by third-party vendors, acts of God, force majeure or other reasons that are outside of Defendant's control, the Parties' respective counsel shall meet and confer regarding an extended deadline. If the Parties disagree regarding an extended deadline after the meet-and-confer, either Party will have the right to seek judicial relief.

(e) If Defendant is unable to achieve substantial conformance with the applicable WCAG guidelines despite having used Reasonable Efforts to achieve substantial conformance, it shall be deemed to have satisfied its obligations under this Consent Decree as set forth herein regarding remediation of the Website.

## SPECIFIC RELIEF TO PLAINTIFF

14. <u>Specific Relief</u>: The Plaintiff and the Defendant have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, other financial matters, relating to any inaccessibility of the website through a separate agreement (the "Settlement Agreement").

## PROCEDURES IN THE EVENT OF DISPUTES

15. The procedures set forth in Paragraphs 16 through 18 must be exhausted in the event that (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree, or (ii) Defendant concludes that it cannot substantially comply with any criteria of the applicable WCAG standard as set forth hereinabove. Defendant shall not have breached this Consent Decree in connection with the foregoing until the following procedures have been exhausted.

16. If any of the Parties claim this Consent Decree or any portion of it has been violated ("breach"), the party alleging the breach shall give written notice (including reasonable particulars) of such violation to the party alleged to be in breach. The party alleged to be in breach of the agreement must respond to such written

notice of breach no later than 60 calendar days thereafter ("Cure Period"). If the alleged breach is of a nature that it cannot be cured during the Cure Period, the parties shall mutually extend the Cure Period to reflect the reasonable time period in which the alleged breach can be cured. If the parties are unable to reach a mutually acceptable resolution during the Cure Period, or any extension thereof, the party alleging a breach of the Agreement may seek court enforcement of compliance with this Agreement.

17. Defendant shall not be in breach of this Consent Decree unless (a) an independent accessibility consultant identified and retained by Defendant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than 90 days from receipt of the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be usable is longer than 90 days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Consent Decree or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that item.

18. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows: (omitted)

**ENFORCEMENT AND OTHER PROVISIONS**

19. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York.

20. This Consent Decree contains the entire agreement of the Plaintiff and the Defendant concerning the subject matter described in Paragraph 2, other than the terms of the Settlement Agreement, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree, and concerns the subject matter described in Paragraph 2, shall be enforceable, other than the Settlement Agreement.

21. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable

law.

## MODIFICATION

22. No modification of this consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

23. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with vision disabilities as defined by the ADA, including those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to this Consent Decree, but it does not bind members of the putative class identified in Plaintiff's Complaint as no class has been certified.

24. The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

25. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

Dated: 9/28/21

JOSE QUEZADA

Dated: 9/28/2021

PLAQUEMAKER.COM, INC.

By: _____
Name: Kyle E Sherman
Title: President

APPROVED AS TO FORM AND CONTENT:

PLAINTIFF'S LAWYERS

Dated: 9/28/21

By: _____
Mars Khaimov, Esq.

MARS KHAIMOV LAW, PLLC
10826 64th Avenue, Second Floor
Forest Hills, New York 11375
marskhaimovlaw@gmail.com
Tel: 929.324.0717

DEFENDANT'S LAWYERS

Dated: 9/28/21

By: /s/ Anthony S. Ridolfo
Anthony S. Ridolfo, Esq.
HACKMAN HULETT LLP
135 N. Pennsylvania St., Suite 1610
Indianapolis, Indiana 46204
aridolfo@hhlaw-in.com
Tel: 317.636.5401

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

THE COURT, HAVING CONSIDERED the pleadings, law, underlying facts and having reviewed this proposed Consent Decree, FINDS AS FOLLOWS:

(1) This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188;

(2) The provisions of this Consent Decree shall be binding upon the Parties;

(3) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this Action, nor does it constitute any finding of liability against Defendant;

(4) The Court's jurisdiction over this matter shall continue for 18 months; and

(5) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff in the Action based on, or arising out of, or in connection with, the allegations in the Complaint.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

**SO ORDERED**.

Date: October 8, 2021

_____
ALLISON J. NATHAN, JUDGE
United States District Court
Southern District of New York

Distribution:

Mars Khaimov, Esq.
MARS KHAIMOV LAW, PLLC
10826 64th Avenue, Second Floor
Forest Hills, NY 11375

PlaqueMaker.com, Inc.
c/o Anthony S. Ridolfo, Esq.
Hackman Hulett LLP
135 N. Pennsylvania Street, Suite 1610
Indianapolis, IN 4204

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSE QUEZADA, on behalf of himself and
all others similarly situated,

                                                      Case No. 1:21-cv-04983-AJN

                    Plaintiff,

        -against-

PLAQUEMAKER.COM, INC.

                    Defendant.
---------------------------------------------------------------X

## **CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE**

This Settlement Agreement ("Agreement") is entered into between Plaintiff, JOSE QUEZADA, including his heirs, executors, administrators, successors, and assigns (hereinafter, collectively, "Plaintiff") and Defendant, PLAQUEMAKER.COM, INC., and its sister companies, parent companies, subsidiaries, divisions, successors and assigns, and each and all of its current and former officers, directors, employees, attorneys, agents, partners, owners, shareholders and representatives (hereinafter, collectively, "Defendants").  Plaintiffs and Defendants are referred to collectively in this Agreement as the "Parties".

WHEREAS, Defendants operate an alleged place of public accommodation and has the following website: www.plaquemaker.com (hereinafter the "Website"), which is available through the Internet; and

WHEREAS, Plaintiff filed a class action alleging that following a compliance review, the Website is not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), and the New York City Human Rights Laws (the "NYCHRL") and has filed suit in the U.S. District Court for the Southern District of New York (the "Court") entitled *JOSE QUEZADA, on behalf of himself and all others similarly situated v.*

*PLAQUEMAKER.COM, INC.* (1:21-cv-04983-AJN) (the "Action") alleging that the Website is not fully accessible to individuals with disabilities in violation of Title III of the ADA, state and local law.

WHEREAS, Defendants deny that the Website is a public accommodation or that it is a place of public accommodation or otherwise subject to Title III of the ADA and/or NYCHRL. Defendants further expressly deny that the Website violates any federal, state or local law, including the ADA and the NYCHRL, and they deny any other wrongdoing or liability whatsoever. By entering into this Agreement, Defendants do not admit any wrongdoing.

WHEREAS, the Parties have entered this Agreement (and a separate Consent Decree a form of which is attached hereto as Attachment A) out of a desire to settle the disputes between them without further costs and expenses, to avoid the uncertainty of litigation, and to otherwise settle all claims between them arising out of or related to the disputes.

NOW THEREFORE, in consideration of the mutual promises contained therein, and intending to be legally bound, the Parties agree, as follows:

1. <u>Consent Decree</u>. Within 10 days after the date the parties execute this Agreement, the Plaintiff, through his respective attorney of record, shall file the Consent Decree attached hereto as <u>Exhibit A</u>. If the Court does not approve the Consent Decree, the parties agree to work together to revise the Consent Decree into a form agreeable to the Court.

2. <u>General Release of Claims</u>. For and in consideration of the promises, commitments and undertakings set forth in this Agreement, and for other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff shall release and discharge Defendants, together with their past, present, and future officers, directors, employees, stockholders, parent entities, sister entities, subsidiary entities, insurers, and to the predecessors, successors, heirs, executors, administrators, assigns, of each of the foregoing, each in their capacity as such (collectively, the

2

"Released Parties"), from any and all claims, causes of action, suits, demands, rights, liabilities, damages, lawsuits, losses, fees, costs or expenses of any kind whatsoever, whether known or unknown, including any monetary, injunctive or declaratory relief relating thereto, or for reimbursement of attorneys' fees, costs and expenses, relating to the Action, but not including claims related to the enforcement of this Agreement.  This release specifically applies to all claims regarding the accessibility of the Website, including but not limited to all claims arising from or relating to the ADA, any federal, state, or local law, statute or ordinance, rule or principle of common law or doctrine in law or equity, known or unknown, suspected or unsuspected, foreseen or unforeseen, real or imaginary, actual or potential, through the date of this Agreement (the "Released Claims").  Plaintiff, on his own behalf and on behalf of the Releasing Persons, acknowledges that he may have released claims that are presently unknown and that the release contained in this Agreement is intended to and does fully, finally and forever discharge all such released claims, whether now asserted or unasserted, known or unknown, he may have against Defendants and Released Parties.

3. <u>Attorneys' Fees, Costs, Expenses, and Payments</u>.  The amount of consideration being paid pursuant to this Agreement is set forth in a separate side letter among counsel and is to be fully paid within 30 days of the later of (1) the date this Agreement is fully executed by both parties in accordance with the terms in the side letter, or (2) Defendant has received from Plaintiff's counsel (a) a complete Form W-9 for Plaintiff's counsel, and (b) full and accurate information sufficient to allow Defendant to pay in the manner requested by Plaintiff, e.g., mailing address for paper check, full instructions and information to initiate wire transfer (the "Settlement Payment"). The Settlement Payment consists of any and all compensatory damages, statutory penalties, attorneys' fees, expenses, and costs, including, without limitation, expert costs and any re-inspection cost, incurred or to be incurred in this matter, which are paid to Plaintiff's counsel in lieu of damages, statutory penalties, attorneys' fees, expenses and costs including, without limitation, expert costs and any re-inspection

cost, that might otherwise be recoverable under the ADA, the NYCHRL, or otherwise applicable federal, state or local laws.

4. <u>Tax Consequences</u>.  No warranty or representation of the tax consequences of the Settlement Payment, if any, is made by the Released Parties.  It shall be QUEZADA and his attorneys' sole responsibility to pay taxes, if any, on the Settlement Payment.  QUEZADA and his attorneys requested that the Settlement Payment be issued in the manner set forth herein.  QUEZADA and his attorneys hereby indemnify the Released Parties and hold the Released Parties harmless from the assessment of any taxes, interest, and penalties that the IRS or any other taxing authority, court, or tribunal determines should have been paid in connection with any monies paid pursuant to this Agreement.

**MISCELLANEOUS PROVISIONS**

5. <u>Scope</u>.  This Agreement does not purport to remedy any violations or potential violations of the ADA or any federal or state law, other than those relating to the accessibility of the Website to individuals with vision disabilities.

6. <u>Authority</u>.  The signatories represent that they have the authority to bind the respective parties identified below to the terms of this Agreement.

7. <u>Confidentiality</u>.  Plaintiff, for himself and his Counsel, agents and representatives, and Defendant, its Counsel, agents and representatives, agree that, they will not without the prior written consent of the other Party communicate, publish, display, discuss, disclose, reveal or characterize (directly or indirectly by innuendo or other means) in any way to anyone under any circumstances (i) this Agreement's monetary terms and (ii) the negotiations leading up to this Agreement, except (a) as may be required by Court Order or other quasi-judicial or regulatory body with the legal right and power to demand such information, (b) to Plaintiff or Defendant's legal and financial advisors, in each case where such disclosure may be required for legitimate legal, business or tax purposes and

where the recipient of such information agrees to receive and maintain the information in strict confidence in accordance with the terms of this Agreement, (c) to any appropriate regulatory or tax authorities with jurisdiction over Plaintiff or Defendant, and (d) as otherwise may be required by law. Prohibited disclosure hereunder shall include, without limitation, the making of any statement, written or oral, to any person through any medium, including (without limitation) newspaper, magazine, radio, television or electronic media (such as internet websites, chat room, instant messaging or any other similar medium). If Plaintiff or Defendant, or their respective Counsel, agents or representatives receive an unsolicited inquiry about this Agreement, the Action, any disputed matter, any released claims, or any other matter subject to the confidentiality and non-disclosure provisions of this Agreement, such Party will respond only that "the matter has been amicably resolved." If any Party shall be in material breach of the obligations in respect of the confidentiality and non-disclosure provisions of this Agreement, the non-breaching Party shall be entitled to, in addition to other remedies, temporary and permanent injunctions restraining such breach, and to a decree for specific performance of this provision. The Parties further agree that the non-breaching Party shall be entitled to recover from the breaching Party his or its attorneys' fees and costs expended in any action or proceeding to enforce this paragraph of this Agreement.

8. <u>Non-Disparagement</u>.  The Parties shall not make any public statement or take any action which may be derogatory to the other.

9. <u>Representation by Plaintiff Regarding Other Proceedings</u>.  Plaintiff represents that he has not, nor has anyone on his behalf, filed any charges, complaints or other proceedings against Defendants or any of the other Released Parties that are presently, or will be, pending with any federal, state or local court or administrative agency.

10. <u>Counterparts Permissible</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original against the Party whose signature is provided, and all of which

shall be considered an original and together shall constitute one agreement binding on all Parties. Electronic signatures shall be deemed to be as valid and enforceable as original ink signatures. Given Plaintiff is visually impaired, it is permissible for his to electronically sign the Agreement by confirming in email that he agrees to all of its terms or DocuSign or a comparable program.

11.     Notices.  All letters, notices, requests, demands and other communication required or permitted to be given to the Parties pursuant to this Agreement shall be in writing, provided by electronic mail, facsimile, and/or next-day (excluding Saturday and Sunday) express delivery service and addressed as follows:

| | |
|---|---|
| For Plaintiff: | Mars Khaimov, Esq.<br>Mars Khaimov Law, PLLC<br>10826 64th Avenue, Second Floor<br>Forest Hills, New York 11375<br>Email: marskhaimovlaw@gmail.com<br>Phone: (929) 324-0717 |
| For Defendant: | Anthony S. Ridolfo, Esq.<br>HACKMAN HULETT LLP<br>135 N. Pennsylvania Street, Suite 1610<br>Indianapolis, Indiana 46204<br>Email: aridolfo@hhlaw-in.com<br>Phone: (317) 636-5401 |

12.     Governing Law.  This Agreement shall be governed by the laws of the State of New York without regard to conflicts or choice of law rules or principles. Any action to enforce the terms of this Agreement shall be filed in the State of New York only.

13.     Waiver.  If a party, by its actions or omissions, waives or is adjudged to have waived any breach of this Agreement, any such waiver shall not operate as a waiver of any other subsequent breach of this Agreement.

14.     Non-Assignment.  Plaintiff represents and warrants that she has made no assignment, and will make no assignment of any claim, right to sue, right of action, or any right of any kind whatsoever, embodied in any of the claims and allegations which are being released, as set forth

6

above, and that no other person or entity of any kind had or has any interest in any of the demands, obligations, actions, causes of action, debts, liabilities, rights, contracts, damages, attorneys' fees, costs, expenses, losses, or claims referred to herein.

15. <u>Non-admission of Wrongdoing</u>.  The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Released Parties of wrongdoing or evidence of any liability or unlawful conduct of any kind.

16. <u>Amendment</u>.  This Agreement may not be modified, altered, or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

17. <u>Stipulation of Dismissal</u>.  Within 10 days after the date Plaintiff's counsel receives the Settlement Payment, the Plaintiff, through his respective attorney of record, shall execute, and Plaintiff, through his attorney of record shall file the stipulation and order of dismissal with prejudice.

18. <u>Successor and Assigns</u>.  This Agreement is binding upon and shall inure to the benefit of the parties hereto <u>and</u> their respective heirs, executors, administrators, personal or legal representatives, successors and/or assigns.

19. <u>Construction of Agreement</u>.  The parties waive all applicable rules of construction to the extent that any provision of this Agreement should or could be construed against its drafter.  The parties further agree that all provisions of this Agreement shall be construed as a whole, according to the fair meaning of the language used.

20. <u>Severability</u>.  If any provision of this Agreement is or shall be declared invalid or unenforceable by a court of competent jurisdiction, except paragraph 2 (General Release of Claims), the remaining provisions shall not be affected thereby and shall remain in full force and effect.  If any court of competent jurisdiction determines that any part, term or provision of this Agreement is illegal, void, or unenforceable, or to be in conflict with the laws of New York, the validity of the remaining

provisions or portions hereof shall not be affected, and the rights and obligations of the Parties shall be construed and enforced as if this Agreement did not contain the particular part, term or provisions held to be invalid.

21. <u>Integration and Modification</u>. This Agreement contains all of the representations, promises, and understandings of the parties. There are no other agreements or understandings except as set forth therein.

*Intending to be legally bound, the parties have executed this Agreement.*

Dated: 9/28/21

**JOSE QUEZADA**

Dated: 9/28/2021

**PLAQUEMAKER.COM, INC.**

By: _____

Name: Kyle E Sherman

Title: President

8